# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

SPENCER SHANNON, )
                                  Plaintiff, )
v. ) Case No. 12-1179-CV-W-FJG
MICHAEL T. WEAKLEY, )
                                  Defendant. )

## ORDER

Currently pending before the Court are the parties' Motions in Limine (Docs. # 64, 68 and 72).

**A. Defendant's Motion and Supplemental Motion in Limine**

Defendant seeks an order in limine barring plaintiff from referring, suggesting or otherwise mentioning three issues:

1. The fact that deputies Southard and Rhoades were initially named in the petition or the fact that they have now settled any claims associated with this litigation.

2. The fact that any charges were or were not filed against plaintiff by the prosecutor and the disposition of any citations issued by defendant.

3. Any mention of or reference to evidence that defendant Weakley improperly applied handcuffs to plaintiff which caused him physical pain.

Plaintiff indicates in his Motion in Limine that he has no opposition to defendant's Motion in Limine regarding exclusion of either the settlement with deputies Southard and Rhoades or the fact that charges either were or were not filed against plaintiff or the

disposition of any such charges.  Plaintiff filed no response to defendant's supplemental motion in limine regarding a reference to improper application of handcuffs.  Therefore, for good cause shown and with no opposition indicated, the Court hereby **GRANTS** defendant's Motion and Supplemental Motion in Limine (Docs. # 64, 72).

### B. Plaintiff's Motion in Limine

Plaintiff in his Motion in Limine moves for exclusion of four issues:

1. Beer Can in Driveway

   The fact that a partially full beer can was found by defendant Weakley in plaintiff's driveway.  Plaintiff argues that the fact that defendant found a beer can in his driveway which had an unidentified fluid in it is irrelevant.  Plaintiff notes that defendant did not keep the can as evidence and did not consider it relevant.  Plaintiff also argues that mention of the can would be irrelevant since he passed the field sobriety tests which defendant administered.

   Defendant argues that the can is relevant because he was investigating a case where an intoxicated individual fell out of an ATV/UTV and the driver fled the scene.  The steps that he took in his investigation and the evidence he found directing him to plaintiff's house is probative and necessary in explaining his actions.  Even though plaintiff was not arrested for a DWI, defendant anticipates that plaintiff will state that defendant informed him that he was under arrest for leaving the scene of an accident and for DWI, thus the presence of an open can of beer in the plaintiff's driveway is relevant.

   The Court hereby **SUSTAINS** plaintiff's Motion in Limine on this issue.

2. Plaintiff's Demeanor

   Defendant's opinion that plaintiff's polite demeanor meant that plaintiff was "owning-up" to having done something wrong or illegal.  Plaintiff states that defendant testified that plaintiff was "cordial and acted almost like he expected it . . .he kind of acted like he was just, you know, he was owning up to what he did and was  . . .okay with it all."  Plaintiff argues that such opinion evidence is illogical and prejudicial.

   Defendant argues that his observations of plaintiff's demeanor and statements are relevant and not substantially more prejudicial than probative.  Defendant also states that plaintiff's disagreement with the defendant's perceptions can be addressed on cross examination.

2

The Court **SUSTAINS** plaintiff's Motion in Limine on this issue.

3. Use of the Word "Jovial"

Plaintiff seeks exclusion of defendant's declaration that plaintiff's demeanor was "jovial." Plaintiff states that in his deposition, defendant Weakley testified that plaintiff's demeanor was "very peaceful and jovial up until the field sobriety test." He said that plaintiff's demeanor then "changed drastically" when Defendant proposed to perform a field sobriety test rather than a breathalyzer examination, but that after Plaintiff successfully passed the field sobriety test that Plaintiff's demeanor returned back to being "jovial." Plaintiff states that this word is potentially misleading since defendant just meant that plaintiff was being cooperative and acting appropriately, not that he was laughing or telling jokes.

Defendant states that he will testify fully to his observations and if plaintiff is in disagreement over the terminology used at trial, then plaintiff can fully address this on cross-examination. Defendant notes that the term "jovial" does not have an inherently negative connation that will prejudice the plaintiff.

The Court **SUSTAINS** plaintiff's Motion in Limine on this issue.

4. Defendant's Lack of Discipline

Evidence that defendant was not criticized, discipline or reprimanded for his conduct. Plaintiff states that defendant Weakley testified that he has discussed this case with others in law enforcement and his superiors and he has not been criticized, discipline or reprimanded for his conduct. Plaintiff states that such evidence is irrelevant and self-serving.

Defendant argues that the lack of discipline is relevant because it goes to the issue of defendant's training. Defendant states that he anticipates that plaintiff will argue that he did not follow proper procedures. Thus, the fact that he was not disciplined, would be relevant he argues. Even if the testimony is considered self-serving, this can also be remedied through cross-examination.

The Court **SUSTAINS** plaintiff's Motion in Limine on this issue.

Accordingly, for the reasons stated above, the defendant's Motion and Supplemental Motion in Limine are hereby **GRANTED** (Doc. # 64, 72) and plaintiff's Motion in Limine is hereby **GRANTED** (Doc. # 68).

Date: <u>November 19, 2013</u>                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                        Chief United States District Judge